**In The United States   District  Court  southern district Of Texas**

Benjamin Oshea Calhoun, Plaintiff

v.

officer  Tony Villa, officer  G.  D.  Rogers,
Officer  Mathis,  Z.  J.,officer  Devereux,J.  A.  Sievert, S.L.
H.P.D.  Chief  of  Police  Martha  Montalvo, and
City of  Houston



United States Courts
Southern District of Texas
FILED

OCT 0 6 2016

David J. Bradley, Clerk of Court

## Summary Of The Case

1. This is an action brought against the City of Houston and Six City Of Houston Police Officers, By a private citizen Benjamin Oshea Calhoun whose rights privileges and immunities that are guaranteed to all citizens were denied under color of law by the defendants.

## Jurisdiction And Venue

2. Jurisdiction of this Court is invoked under  28 U.S.C1343(3) an action authorized by law (42 U.S.C. 1983) to redress the deprivation under color of law rights guaranteed to the plaintiff under both the federal and state constitutions and statutes and common law of the State of Texas. The Matter in Controversy exceeds, exclusive of interest and costs, the sum or value of seventy- five thousand dollars($75,000.00) as required by 28 U.S.C. 1332. Pendant jurisdiction is also invoked to the extent that any of the claims stated herin may be found to be properly enforceable under state rather than federal law.

## Parties to suit

3. Plaintiff , Benjamin Oshea Calhoun is a private citizen of the city of Houston, within the state of Texas and a citizen of The United States of America.

1

4. Defendant Martha Montalvo is the police chief for the City Of Houston police Department and was the police chief during each violation of false arrest and malicious prosecution in this complaint.

5. Defendant City of Houston is a municipal Corporation organized and existing under and by the virtue of the laws of the state of Texas and was the employer of the above named defendants.

6. Plaintiff sues each and all defendants (except the city) in both their individual and official capacity.

7. Defendants, Tony Villa , G.D. Rogers ,Sievert, S.L., Mathis, Z.J. Devereux, J.A., and  Police Chief Martha Montalvo, were, at all times material to this complaint, duly appointed police officers of the city of Houston police department.

8. At all times material to this complaint, defendants, G. D. Rogers (employee number 132782),  Tony Villa (employee number 138637) , Sievert, S.L. (employee number 113275), Mathis, Z.J.( employee number 152330) , Devereux, J.A., and  Police Chief Martha Montalvo acted under color of the statutes, customs, ordinances, and usage of the state of Texas, The city of Houston and The City of Houston Police department.

### Count  1

9. Paragraph 1 through 8 are adopted and incorporated as set forth herin.

10. On or about  5-20-2016 around 2:00 p.m. plaintiff was stopped by defendant's Tony Villa  and G. D. Rogers as  plaintiff walked down Freeman  street.

11. When  the officers jumped out of the H.P.D patrol car Officer G. D. Rogers  had his pistol drawn.

12. plaintiff in fear for his life jumped on to the ground and spread his arms and legs.

13. Officer G. D. Rogers got on top of plaintiff and placed hand cuffs on him, willfully placed plaintiff under arrest.

14. The arrest citation number is 160029415.

15. Plaintiff did not consent to the arrest.

16. Plaintiff asked whether he had did something wrong.

17. Plaintiff was told that he was being placed under arrest and taken in to custody for walking along a street where a side walk was provided.

18. Defendants knew or should have knew the violation which plaintiff was arrested for is a citation punishable by a fine Texas Transportation Code sec.552.006.

19. Texas penal code sec. 12.23 states that an individual adjudged guilty of a Class C misdemeanor shall be punished by a fine not to exceed $500.

20. Defendants had no legal authority nor probable cause to arrest and incarcerate plaintiff for a class c. misdemeanor citation which is punishable by a fine.

21. Defendants had no legal authority nor probable cause to arrest and incarcerate plaintiff for a class c. misdemeanor citation which is punishable by a fine.

22. The actions of the officers were extreme and outrageous.

23. Minutes later Six additional H.P.D officers arrived as plaintiff sate in the back of the patrol car.

24. Plaintiff notified the additional officers that he was being arrested for a class c misdemeanor citation the same day that it was issued.

25. Not one of the officers attempted to stop the officers from false arresting plaintiff.

26. As a result of their concerted, unlawful ,and malicious conduct , plaintiff sustained damages which are including but not limited to:

Time spent in jail, mental anguish ,general damages, humiliation, loss of freedom .

27. Defendant's wrongful , concerted conduct  caused plaintiff  to be deprived of his U.S constitutional rights, including but not limited to those under the Fourth, Fifth, Sixth , Eight and Fourteenth amendment and  by:

a)Violating plaintiffs writes to be free from unreasonable seizure under the Fourth Amend of the U.S. Constitution;

(b)Subjecting plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the Sixth ,Eight, and Fourteenth Amendment to the U.S. Const.;

(c)depriving plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints of his person without Due Process in violation of his rights under the Fourteenth amendment to the U.S. Constitution ;

(d) depriving plaintiff of his rights to Procedural Due Process under the Fifth Amendment to the U.S. Constitution;  and

(e) 42 U.S.C. 1983.

28. Wherefore, plaintiff prays that the court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendants jointly and severely ,for the following:

(a) Mental anguish;

(b) Award to plaintiff damages for the deprivation of the rights, privileges, and immunities secured to the plaintiff by the constitution in an amount to be set at trial

(c) Award to plaintiff Punitive damages in the amount to be set at trial but not less than 2,000,000 dollars;

(d) General damages in an amount to be set at trial;

(e) Prejudgment and post judgment interest;

(f) Court costs; and

(g) All other relief to which plaintiff is entitled.

## Count 2

28. Paragraph 1 through 25 are adopted and incorporated as set forth herin.

29. Plaintiff was transported to City of Houston jail address 61 RIESNER ST. HOUSTON,TX. 77002

30. Defendants Tony Villa and G.D. Rogers then maliciously and without reasonable or probable cause to take plaintiff in to custody therefor, went before a person duly authorized to administer oaths, and initiated a criminal prosecution against plaintiff.

31. One of the two officers illegally executed and arrest warrant by swearing to facts in an affidavit for arrest warrant that they should have known was false.

32. The facts known to be false by the defendants was at the time the arrest warrant was authorized was that their was probable cause to arrest plaintiff for class c misdemeanor.

33. Plaintiff was not guilty of violating Texas transportation code sec. 552.006.

34. On 5-21-2016 the case was dismissed.

35. As a result of their concerted, unlawful ,and malicious conduct , plaintiff sustained damages which are including but not limited to: Time spent in jail, mental anguish ,general damages, humiliation, loss of freedom .

36. Defendant's wrongful , concerted conduct caused plaintiff to be deprived of his right to be free from malicious prosecution under Texas common law Browning-Ferris Industries v. Lieck Tex. Sup. Ct. J. 851, 881 s.w.2d 288, 290-291 (Tex. 1994) and U.S constitutional

rights, including but not limited to those under the Fourth, Fifth, Sixth , Eight and Fourteenth Amendment and by:

a)Violating plaintiffs writes to be free from unreasonable seizure under the Fourth Amend of the U.S. Constitution;

(b)Subjecting plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the Sixth, Eight Amendment to the U.S. Constitution;

(c)depriving plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints of his person without Due Process in violation of his rights under the Fourteenth amendment to the U.S. Constitution ;

(d) depriving plaintiff of his rights to Procedural Due Process under the 5th amendment to the U.S. Constitution;

(e) plaintiffs State of Texas common law writes to be free from malicious prosecution; and

(f) 42 U.S.C. 1983

37. Wherefore, plaintiff prays that the court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendants jointly and severely ,for the following:

(a) Mental anguish;

(b) Award to plaintiff damages for the deprivation of the rights, privileges, and immunities secured to the plaintiff by the constitution in an amount to be set at trial;

(c) Award to plaintiff Punitive damages in the amount to be set at trial but not less than 2,000,000 dollars;

(d) General damages in an amount to be set at trial;

(e) Prejudgment and post judgment interest;

(f) Court costs; and

(g) All other relief to which plaintiff is entitled.

## count 3

38. Paragraph 1 through 37 are adopted and incorporated herin by reference.

6

39. On 8-28-2016 at the 1700 block of Cullen st. plaintiff was approached by Sgt. S. L. Sievert.

40. Sgt. Sievert over his loud speaker told plaintiff to get off of the rail road track.

41. Three to four seconds latter he announced that he was coming to get plaintiff.

42. Plaintiff jumped on to the, ground, placed his arms above his head and spread his arms and legs.

43. Sgt. Sievert jumped out of his patrol truck and then jumped on to plaintiffs back.

44. Sgt. Sievert then unnecessarily placed his knee in to plaintiff's back, applying pleasure to plaintiff's back while hand cuffing him.

45. After plaintiff was hand cuffed Sgt. Sievert then unnecessarily pulled out his flash light and began to shine it in to plaintiff's face blinding plaintiff while yelling profanity at plaintiff.

46. Three additional H.P.D. officers arrived.

47. Not one of them protested to plaintiff being arrested for a class c misdemeanor citation without due process of law.

48. Plaintiff did not consent to the arrest.

49. The arrest citation number is 160047064.

50. Sgt. Sievert gave plaintiff to officers Z. J. Mathis and J.A. Devereux who transported plaintiff to 8300 MYKAWA ROAD city jail.

51. Plaintiff was accused of violating Texas Penal code section 28.07(b)(2)(A).

52. Defendants knew or should have knew the violation which plaintiff was arrested for is a citation punishable by a fine Texas Penal Code section 28.07(b)(2)(A).

53. As a result of their concerted, unlawful, and malicious conduct, plaintiff sustained damages which are including but not limited to: Time spent in jail, mental anguish ,general damages, humiliation, loss of freedom .

54. Defendant's wrongful , concerted conduct caused plaintiff to be deprived of his U.S constitutional rights, including but not limited to those under the Fourth, Fifth, Sixth , Eight and Fourteenth Amendment and by:

a) Violating plaintiffs writes to be free from unreasonable seizure under the Fourth Amend of the U.S. Constitution;

(b) Subjecting plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the Sixth ,Eight, and Fourteenth Amendment to the U.S. Constitution;

(c) depriving plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints of his person without Due Process in violation of his rights under the Fourteenth amendment to the U.S. Constitution ;

(d) depriving plaintiff of his rights to procedural due process under the Fifth Amendment to the U.S. Constitution; and

(e) 42 U.S.C. 1983

55. Wherefore, plaintiff prays that the court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendants jointly and severely ,for the following:

(a) Mental anguish;

(b) Award to plaintiff damages for the deprivation of the rights, privileges, and immunities secured to the plaintiff by the constitution in an amount to be set at trial;

(c) Award to plaintiff Punitive damages in the amount to be set at trial but not less than 2,000,000 dollars;

(d) General damages in an amount to be set at trial;

(e) Prejudgment and post judgment interest;

(f) Court costs; and

(g) All other relief to which plaintiff is entitled.

## Count  4

56. Paragraph 38 through 52 are adopted and incorporated as set forth herin.

8

57. Plaintiff was transported to City of Houston jail on 8300 MYKAWA ROAD HOUSTON,TX. 77048

58. Defendants Z. J. Mathis and J.A. Devereux then maliciously and without reasonable or probable cause to take plaintiff in to custody therefor, went before a person duly authorized to administer oaths, and initiated a criminal prosecution against plaintiff.

59. One of the three H.P.D officers swore to facts in an affidavit for arrest warrant that they should have known was false.

60. The facts known to be false by the defendants was at the time the arrest warrant was authorized that their was probable cause to arrest plaintiff for class c misdemeanor.

61. Plaintiff was not guilty of Texas Penal Code section 28.07(b)(2)(A).

62. On 9-29-2016 the case was dismissed.

63. As a result of their concerted, unlawful , and malicious conduct plaintiff sustained damages which are including but not limited to: Time spent in jail, mental anguish ,general damages, humiliation, loss of freedom .

64. Defendant's wrongful , concerted conduct caused plaintiff to be deprived of his right to be free from malicious prosecution under Texas common law Browning-Ferris Industries v. Lieck Tex. Sup. Ct. J. 851, 881 s.w.2d 288, 290-291 (Tex. 1994) and U.S constitutional rights, including but not limited to those under the Fourth, Fifth, Sixth , Eight and Fourteenth Amendment and by:
a) Violating plaintiffs writes to be free from unreasonable seizure under the Fourth Amend of the U.S. Constitution;
(b) Subjecting plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the Sixth ,Eight , and Fourteenth Amendment to the U.S. Const.;
(c) depriving plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints of his person without Due Process in violation of his rights under the 14th amendment to the U.S. Constitution ;

9

(d) depriving plaintiff of his rights to procedural due process under the Fifth Amendment to the U.S. Constitution; and

(e) 42 U.S.C. 1983

65. Wherefore, plaintiff prays that the court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendants jointly and severely ,for the following:

(a) Mental anguish;

(b) Award to plaintiff damages for the deprivation of the rights, privileges, and immunities secured to the plaintiff by the constitution in an amount to be set at trial

(c) Award to plaintiff Punitive damages in the amount to be set at trial but not less than 2,000,000 dollars;

(d) General damages in an amount to be set at trial;

(e) Prejudgment and post judgment interest;

(f) Court costs; and

(g) All other relief to which plaintiff is entitled.

## Count 5

66. Paragraph 1 through 25 and 38 through 52 are incorporated as set forth herin.

67. The two false arrest for class c citations stated above and the past false arrest for class c citations make four separate times by different groups of officers that the H.P.D supervisors has allowed the abuse of authority aimed at plaintiff.

68. Each time that plaintiff was false arrested and imprisoned in the past and present for class c misdemeanors one of the officers arresting plaintiff were required to file out a police report.

69. The police report was turned in to an H.P.D supervisor for review.

70. Not one supervisor took affective steps to see to it that it did not happen again.

71. Each time that plaintiff was false arrested and imprisoned in the past and present for class c misdemeanors the officers arresting

plaintiff were required to file out a jail blogger sheet at the city of Houston jail.

72. Each time plaintiff was transported to the city of Houston jail for a class c misdemeanor he was excepted in to the jail by the H.P.D employees who worked within the city jail.

73. This happened at both the MYKAWA ROAD jail and the city jail on 61 RIESNER ST.

74. Even though the jail blotter sheet which one of the arresting officers was required to filed out when turning plaintiff over to the city jail clearly showed that (a) the arrest was made for a class c citation; (b) the class c citation is punishable by a fine ; and (c) the citation was issued the same day that plaintiff was taken in to custody.

75. Plaintiff would notify the H.P.D officers within the city of Houston jail that he was being illegally arrested for a citation which was issued the same day.

76. H.P.D had a unwritten custom of refusing to discipline officers for abusing their authority and violating plaintiff's writes.

77. On 5-27-2016 plaintiff filed a report of the false arrest with H.P.D.'s central internal affairs.

78. In the past plaintiff has reported police misconduct to the internal affairs.

79. Each time in the past plaintiff is mailed a letter stating that no disciplinary actions would be taken against the officer reported.

80. On 5-27-2016 plaintiff asked to speak with a supervisor because of past experiences with the internal affairs.

81. Sgt. David Milligan took plaintiff complaint.

82. Plaintiff explained in detail to Sgt. Milligan the false arrest that took place on 5-20-2016.

83. Plaintiff notified Sgt. Milligan that officer Tony Villa and G. D. Rogers were both wearing body cameras.

84. Plaintiff then explained that in the past he had reported misconduct to the central internal affairs and no disciplinary actions were taken.

85. Plaintiff explained that the past complaints include two other false arrest by the H.P.D for class c misdemeanor punishable by a fine not imprisonment, the same day that the citation was written.

86. Sgt. Milligan was informed that for each complaint in the past that he reported which is including but not limited to three separate other false arrest by H.P.D officers ,he was contacted by internal affairs and told that the officers did not do any thing wrong.

87. Plaintiff then provided Sgt. Milligan with a written affidavit.

88. Plaintiff also provided Sgt. Milligan with a copy of the Jail booking blotter sheet, court copy of the citation and order of dismissal.

89. Sgt. Milligan kept the original and gave plaintiff copies of the affidavit , jail blotter sheet, court copy of the citation and order of dismissal.

90. Despite the evidence which plaintiff provided to the City of Houston Police Departments internal affairs and the fact that the officers were wearing body cameras which captured the illegal abuse of authority, less than a week latter plaintiff was mailed a letter that stated in part that the complaint would be dismissed.

91. The letter served to confirmed the existence of an unstated "policy" of toleration of illegal arrest of plaintiff .

92. The letter served to confirmed the existence of an unstated "policy" of toleration of police misconduct toward plaintiff.

93. Each time that plaintiff made a report to central internal affairs defendant police chief had notice of the unlawful arrest and police misconduct of H.P.D. personnel aimed at plaintiff.

94. On information and belief Defendant's H.P.D police chief took no steps to retrain officers on the proper way to make a

warrantless arrest , took no steps to correct their abuse of authority, or to discourage their unlawful use of authority.

95. On information and belief The defendant police chief have at no time taken any affective action to prevent H.P.D personnel from continuing to engage in such misconduct.

96. Defendant police chief, under the color of law, intentionally, and with a complete and deliberate indifference to plaintiff's rights, caused plaintiff to be deprived of his constitutional rights including but not limited to the constitutional rights stated above by:

(a) failing to properly discipliner;

(b) restrict;

(c) control employees; and

(d) Failing to forward to the office of the  district attorneys office evidence of criminal acts committed by  police personnel.

97. Plaintiff notified Mayor Sylvester Turner and the city of Houston city council of the false arrest and of prior false arrest by the H.P.D..

98. Plaintiff notified the Mayor and the city council that officer Tony Villa and G. D. Rogers both where wearing body cameras.

99. Prior to speaking with the mayor and city council Mr. Calhoun provided the Mayor's secretary Jail booking blotter , court copy of the citation ,order of dismissal and the affidavit turned in to the internal affairs.

100. The past mayor and city council had prior notice from plaintiff of the past unlawful  arrest and harassing conduct of H.P.D personnel aimed toward  plaintiff.

101. On 8-28-2016 over a month after plaintiff reported the abuse of authority to city council and the mayor, plaintiff was false arrested again by a different group of H.P.D officers (See plaintiffs count 3 above).

102. On information and belief Defendant's municipality took no affective steps to insure that the police chief corrected the abuse of authority by the officers aimed at plaintiff,

103. On information and belief Defendant's municipality took no steps to insure that the police chief discourage their unlawful use of authority aimed at plaintiff.

104. On information and belief The defendants municipality have at no time taken any affective action to prevent H.P.D personnel from continuing to engage in such misconduct reported to internal affairs including but not limited to false arrest and intentionally falsifying government documents such as affidavits and police reports at plaintiffs expense.

105. On information and belief, defendant's municipality tolerated and allowed practices herin before detailed by:
   (a) Failing to properly discipliner, restrict, and control employees
   (b) Failing to forward to the office of the district attorneys office evidence of criminal acts committed by police personnel
   (c) Failing to view the body camera film evidence of the arresting officers false arresting plaintiff ,the jail blotter sheet, the affidavit turned in to internal affairs, and the court copy of the citation , which would have sustained plaintiff's accounts of what happened.

106. Defendant police chief ,the city of Houston mayor and city council directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of defendant police officers herfore described above.

107. As a direct and proximate cause of the acts of defendants police chief, mayor and city council as set above, plaintiff suffered damages which are including but not limited to: Time spent in jail, mental anguish ,general damages, humiliation, loss of freedom .

108. Defendant's wrongful , concerted conduct caused plaintiff to be deprived of his U.S constitutional rights, including but not limited

to those under the Fourth, Fifth, Sixth , Eight and Fourteenth Amendment and  by:

   (a)Violating plaintiffs writes to be free from unreasonable seizure under the Fourth Amend of the U.S. Constitution;

   (b)Subjecting plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the Sixth, Eight and Fourteenth Amendment to the U.S. Constitution;

   (c)depriving plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints of his person without Due Process in violation of his rights under the 14th amendment to the U.S. Constitution ;

   (d) depriving plaintiff of his rights to Procedural Due Process under the Fifth Amendment to the U.S. Constitution; and

(e) 42 U.S.C. 1983.

109. Wherefore, plaintiff prays that the court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendants jointly and severely ,for the following:

   (a) Mental anguish;

   (b) Award to plaintiff damages for the deprivation of the rights, privileges, and immunities secured to the plaintiff by the constitution in an amount to be set at trial

   (c) Award to plaintiff Punitive damages in the amount to be set at trial but not less than 2,000,000 dollars;

   (d) General damages in an amount to be set at trial;

   (e) Prejudgment and post judgment interest;

   (f) Court costs; and

   (g) All other relief to which plaintiff is entitled.

Pro-se Signature _Benjamin Alha_       date _10-6-2016_

Contact address:8510 N.Main st, Hou,Tx.77022

Contact no.832-9966389 and 713-694-6899